IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPHINE WANG | : |
| Plaintiff, | : |
| v. | : JURY TRIAL DEMANDED |
| TWENTY-TWO FRANKLIN STREET GROUP, LLC. and THOMAS E. CETNAR, III | : CASE NO. |
| Defendants. | : |

# COMPLAINT

This action involves claims for minority shareholder oppression and fraud arising from a closely-held New Jersey limited liability company and its managing member's behavior.

1. In June 2017, plaintiff Josephine Wang purchased a 2.5% interest in Twenty-Two Franklin Street Group, LLC ("22Franklin") from Thomas E. Cetnar, III, 22Franklin's managing member, for $50,000. In July 2020, Ms. Wang inquired about the status of her investment in 22 Franklin. Mr. Cetnar told Ms. Wang that she

1

had never invested in 22 Franklin but had invested in another company, Twenty-Two Franklin Street Technologies, LLC.

2. After Ms. Wang provided proof of her investment in 22Franklin, Mr. Cetnar changed his tune and claimed, through counsel, that Ms. Wang's investment had been limited to the product 22Franklin was attempting to develop in 2017. However, Ms. Wang's subscription agreement contains no such limitation. And, in any event, 22Franklin had already acquired nearly 6% of the stock of a successful company, Wrap Technologies, Inc., which makes a lucrative non-lethal law-enforcement product called BolaWrap, in 2017.

3. Ms. Wang demanded an accounting of her investment in 22Franklin. 22 Franklin failed to provide any accounting, and Mr. Cetnar has stopped responding to her inquiries.

4. Thus, it first became clear in 2020 that Mr. Cetnar fraudulently induced Ms. Wang to pay $50,000 to 22Franklin, misrepresenting material facts in June 2017 concerning her investment that she reasonably relied upon to her detriment. Furthermore, 22Franklin's treatment of Ms. Wang and her minority shareholder

stake violates New Jersey's Minority Shareholder Oppression statute, entitling Ms. Wang to relief and attorney's fees.

## THE PARTIES

5. Plaintiff Josephine Wang is a citizen of Pennsylvania with a residence at 255 South 17th Street, Philadelphia, Pennsylvania 19103.

6. Defendant 22Franklin is a limited liability corporation formed under the laws of New Jersey. It has its principal place of business at 11 Arthur Court, Jackson, New Jersey 08527. On information and belief, 22Franklin has fewer than 25 shareholders.

7. Defendant Thomas E. Cetnar, III, is an adult individual. On information and belief, Mr. Cetnar is a citizen of New Jersey with a residence at 11 Arthur Court, Jackson, New Jersey 08527.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332 because there is complete diversity of

citizenship between plaintiff, on one hand, and defendants, on the other, and the amount in controversy exceeds $75,000.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Ms. Wang's claims occurred in this judicial district. In addition, the defendants reside in this judicial district.

## FACTUAL BACKGROUND

### Ms. Wang Invests in 22Franklin

10. In June 2017, Ms. Wang entered a written subscription agreement with 22Franklin and its managing member, Mr. Cetnar. A copy of the executed written subscription agreement is attached as Exhibit A.

11. Mr. Cetnar represented that Ms. Wang was investing in 22Franklin and that she would acquire 2.5% of the total outstanding units in 22Franklin. The written subscription agreement reflects Mr. Cetnar's representations and recites that Ms. Wang was purchasing 2.5% of the total outstanding units in 22Franklin for $50,000.

12. In reliance on Mr. Cetnar's representations, Ms. Wang tendered a check for $50,000 dated June 25, 2017, to 22Franklin for

4

2.5% of its total outstanding units. A copy of the June 25, 2017 check is attached as Exhibit B.

### 22Franklin's Assets Include Nearly 6% of the Common Stock of Wrap Technologies, Inc.

13. According to an August 2017 investment prospectus for Wrap Technologies, Inc., 22Franklin owned 1,196,530 shares—or nearly 6%—of Wrap Technology's common stock in 2017. *See* 2017 Prospectus 36. A copy of the Wrap Technologies August 2017 Prospectus is attached as Exhibit C.

14. Wrap Technologies is now a public company listed on the NASDAQ exchange under the ticker symbol WRAP. As of the close of market on February 4, 2021, Wrap Technologies common stock was worth $7.16 per share. *See* Wrap Technology Website Investors Page, https://wrap.com/investors/. Thus, assuming no change in the amount of Wrap Technologies common stock 22Franklin owns, 22Franklin's investment in Wrap Technologies would currently be worth approximately $8.57 million.

15. Accordingly, Ms. Wang's 2.5% interest in 22Franklin's Wrap Technologies holdings would be worth approximately $214,000 as of February 4, 2021.

### **Ms. Wang Inquires About Her 22Franklin Investment, and Its Managing Member, Mr. Cetnar, Tells Her She Has No Interest in 22Franklin or the Wrap Technologies Common Stock It Owns**

16. In July 2020, Ms. Wang contacted Mr. Cetnar to inquire about the status of her investment in 22Franklin and to request an accounting.

17. During their telephone conversation, Mr. Cetnar informed Ms. Wang that she had never invested in 22Franklin. Instead, contrary to the recitations in the June 2017 written subscription agreement, he told her that she had invested in another company, Twenty-Two Franklin Street Technologies, LLC.

18. On July 29, 2020, when Ms. Wang provided Mr. Cetnar with a copy of the subscription agreement and $50,000 check showing she invested in 22Franklin, Mr. Cetnar then changed his tune.

19. Confronted with evidence of her investment in 22Franklin, Mr. Cetnar now claimed that Ms. Wang's investment in 22Franklin was limited to whatever product 22Franklin was developing at the time of her investment in 2017, not 22Franklin's Wrap Technologies holdings.

20. The written subscription agreement contains no such limitation.

21. Indeed, in 2017, 22Franklin owned almost 6% of Wrap Technologies' outstanding common stock. *See* Ex. C at 36. Thus, even if the written subscription agreement limited Ms. Wang's investment to the products 22Franklin was "developing" in the summer of 2017—which it does not—her investment would encompass the Wrap Technologies common stock 22Franklin owned in 2017.

### 22Franklin and Mr. Cetnar Refuse To Provide an Accounting

22. By letter dated September 2, 2020, Ms. Wang, through counsel, reiterated her request to 22Franklin for an accounting of her investment. A copy of the September 2, 2020 Letter from D. Smith to B. Shalit is attached as Exhibit D.

23. At Mr. Cetnar's counsel's request, Ms. Wang again provided copies of the written subscription agreement and $50,000 check evidencing her investment in 22Franklin.

24. Mr. Cetnar and 22Franklin have not responded to Ms. Wang's repeated requests for an accounting, forcing her to bring this lawsuit.

25. Based on the timing of Ms. Wang's June 2017 investment and the disclosure of 22Franklin's common stock ownership in the August 2017 Wrap Technologies Prospectus, and in light of his refusal to provide an accounting, it appears that Mr. Cetnar used Ms. Wang's $50,000 to purchase the Wrap Technologies common stock.

## CAUSES OF ACTION

### COUNT I – All Defendants

**Violation of New Jersey's Minority Shareholder Oppression Statute (N.J. Stat. § 14A:12-7)**

26. All prior paragraphs are incorporated by reference.

27. On information and belief, 22Franklin has fewer than 25 shareholders.

28. On information and belief, Mr. Cetnar owns interests in 22Franklin.

29. As recited above, by denying the existence of her investment and refusing an accounting of it, 22Franklin and its managing member, Mr. Cetnar, who controls 22Franklin, have acted fraudulently, illegally, oppressively, or unfairly toward Ms. Wang, a minority shareholder who owns a 2.5% interest in 22Franklin, in her capacity as a shareholder.

30. Mr. Cetnar has abused his authority as the managing member of 22Franklin to oppress Ms. Wang by denying her an accounting of her investment.

31. By denying the existence of Ms. Wang's investment in 22Franklin and refusing to provide an accounting, 22Franklin and Mr. Cetnar have acted arbitrarily, vexatiously, and in bad faith and forced Ms. Wang to bring this lawsuit to enforce her rights.

32. Accordingly, Ms. Wang is entitled to any and all relief available under the New Jersey Minority Shareholder Oppression Statute, including an accounting, appointment of a custodian or provisional managing member, a judgment dissolving 22Franklin, an order directing the sales of interests in 22Franklin, and reasonable expenses, including attorney's fees, incurred in connection with this lawsuit, and any other relief the Court deems appropriate.

## COUNT II

### Fraud – Thomas E. Cetnar, III

33. All prior paragraphs are incorporated by reference.

34. In June 2017, Mr. Cetnar represented to Ms. Wang that she was purchasing 2.5% of the total outstanding units of 22Franklin. Mr. Cetnar intended that Ms. Wang would rely on his

9

representations to induce her to pay $50,000 for the purported investment.

35. In reasonable reliance on Mr. Cetnar's representations, Ms. Wang entered a written 22Franklin subscription agreement and paid $50,000 to 22Franklin.

36. On information and belief, Mr. Cetnar did not intend to sell Ms. Wang any interest in 22Franklin. Rather, he intended to defraud her of her $50,000 investment.

37. As of July 2020, Mr. Cetnar denies that Ms. Wang has any investment in 22Franklin and refuses to provide an accounting.

38. Ms. Wang has been injured by Mr. Cetnar's misappropriation or misuse of her $50,000, which she did not know of—or have reason to know of—before July 2020.

39. Mr. Centar's actions towards Ms. Wang are in willful and wanton disregard of her legal rights and constitute conduct justifying an award of punitive damages.

WHEREFORE, plaintiff Josephine Wang prays that the Court will enter judgment in her favor and against defendants as follows:

    a.    Awarding Ms. Wang her actual damages, statutory or other interest at the maximum allowable rate, and costs of suit;

    b.    Ordering defendants to provide her with an accounting;

    c.    Appointing a custodian or provisional director for 22Franklin;

    d.    Ordering dissolution of 22Franklin;

    e.    Awarding punitive damages;

    f.    Awarding reasonable expenses, including attorney's fees, incurred in bringing this lawsuit; and

    g.    Awarding any further relief the Court deems appropriate.

Dated:  February 5, 2020

        s/Arleigh P. Helfer III
David Smith (*pro hac vice* pending)
Arleigh P. Helfer III (ID 022981999)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
Voice: (215) 751-2000
Fax: (215) 751-2205
dsmith@schnader.com
ahelfer@schnader.com